UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANTANDER CONSUMER USA, INC., <br><br> Plaintiff, <br> v. <br><br> PISCATAWAY, NEW JERSEY and MIKE'S AUTO SERVICE, INC., <br><br> Defendants. | (Electronically Filed) <br><br> Civil Case No.: <br><br> **COMPLAINT** |

Plaintiff, Santander Consumer USA, Inc. ("Santander"), as and for its Complaint against Defendants, the Township of Piscataway, New Jersey ("Piscataway") and Mike's Auto Service, Inc. ("Mike's"), alleges:

## NATURE OF ACTION

1. Piscataway regularly seizes vehicles as part of its law enforcement activity but has no constitutionally appropriate procedure for notifying interested parties or for disposing of seized vehicles consistent with the basic due process requirements. Instead, Piscataway employs the outdated and constitutionally unsound practice of summarily turning over control seized vehicles to the private company that towed and stored the vehicle when Piscataway seized it. In this regard, Piscataway's policy is to enlist a garage to tow and store vehicles and allow those garages to lien and/or sell the vehicle as a means to cover the costs of towing and storage.

2. Piscataway's policy and practice of summarily turning over seized vehicles to private tow companies is a joint enterprise from which Piscataway benefits by avoiding the cost of preserving the seized vehicles and by avoiding the cost of having to pay for towing services, because the tow company accepts the vehicle as compensation for the services it renders to Piscataway in lieu of money. The tow company benefits by using its control over the vehicle

(created under the mantle of Piscataway's authority) to profit by selling the vehicle or by conditioning release of the vehicle upon payment of money to the tow company.

3. Here, after seizing a vehicle on which Santander holds a lien, Piscataway afforded no due process to Santander and instead summarily disposed of its interests in that vehicle by giving it to Mike's as payment for the services that Piscataway had asked Mike's to provide to Piscataway. Mike's accepted the vehicle from Piscataway as compensation, asserted an *ex parte* lien for those services, demanded that Santander satisfy that *ex parte* lien—which Mike's insisted took priority over Santander's lien—before it would relinquish possession of Santander's collateral. At no time was Santander afforded notice, a hearing, or just compensation for Piscataway's deprivation of Santander's rights in its collateral.

## JURISDICTION AND VENUE

4. This is a civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988 for deprivation of Santander's rights secured by the Fourth, Fifth and the Fourteenth Amendments to the United States Constitution, and accordingly jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), as well as 28 U.S.C. § 1331.

5. The remaining causes of action are appropriate pursuant to 28 U.S.C. § 1367 for interrelated state law claims that arise from the occurrences giving rise to the Federal claims, which have a common nucleus of operative fact.

6. Venue lies in the Court pursuant to 28 U.S.C. § 1391(b)(1), because the Defendants reside in this district, and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**PARTIES**

7. Plaintiff Santander is a corporation incorporated in the State of Illinois, in the business of taking assignments of retail installment contracts and holding the associated lien interests in vehicles, including being the duly perfected lienholder in the vehicle which is the subject of this action, a 2019 Nissan Sentra bearing VIN 3N1AB7AP6KY233945 (the "Vehicle").

8. Defendant Piscataway is a municipality organized and existing under the laws of the State of New Jersey.

9. Defendant Mike's is, upon information and belief, a corporation incorporated in the State of New Jersey which is engaged in the business of towing and storing motor vehicles.

**FACTS**

**Santander's interest in the Vehicle**

10. Santander holds a duly perfected security interest in the Vehicle.

11. Before May 2, 2022, and before any other facts relevant to this action, non-party Detrich L. Odom Jr. (the "Customer") entered into a retail installment contract to finance the purchase of the Vehicle, which contract was assigned to Santander. By virtue of that transaction, Santander obtained and perfected a security interest in the Vehicle.

12. Before, on, and after May 2, 2022, Santander held and continues to hold a first priority lien interest in the Vehicle, which has been duly recorded on the title to the Vehicle.

13. By virtue of Piscataway's seizure of the Vehicle, and by virtue of amounts Mike's claimed by way of possessory lien on the Vehicle, the Customer was also and further in non-monetary default of the terms of the retail installment contract, thereafter entitling Santander to immediate possession of the Vehicle.

14. The Customer also defaulted on the payment obligations under the retail installment contract, thereafter entitling Santander to immediate possession of the Vehicle.

**Piscataway seized the Vehicle, in which Santander held a protected interest, and gave it to Mike's for disposal**

15. On or about May 2, 2022, Mike's actively and regularly towed and stored vehicles at the direction of Piscataway police officers acting in the regular course of their duties as law enforcement officers.

16. On or about May 2, 2022, Piscataway took custody of the Vehicle and instructed Mike's to tow it from the roadway and store it at Piscataway's direction.

17. Santander had no involvement with or knowledge of the operation of the Vehicle at the time it was seized by Piscataway Police and/or Mike's.

18. Piscataway did not have a warrant or other court order relating to its seizure of the Vehicle.

19. Piscataway did not notify Santander of its seizure of the Vehicle and its request that Mike's tow the Vehicle either before or shortly after seizing it and instructing Mike's to tow it.

20. Piscataway did not hold any hearing relating to its seizure of the Vehicle, either before or after seizing it and instructing Mike's to tow it.

21. On or about June 2, 2023—**396 days** after Piscataway impounded the Vehicle—Santander discovered that the Vehicle had been impounded when it received a phone call from Mike's.

22. Upon learning that the Vehicle was impounded, Santander demanded that the Vehicle be released to it, and Mike's refused unless Santander paid the fees demanded by Mike's in order to recover the Vehicle.

23. When Santander contacted Mike's to recover the Vehicle, Mike's demanded payment of towing and storage charges in the amount of **$13,954.26** as a condition for release of the Vehicle.

24. Mike's asserted that it was able to detain the Vehicle from Santander because Mike's claimed a lien on the Vehicle for towing and storage charges.

25. Defendants also placed other conditions on the release of the Vehicle to Santander.

26. Piscataway did not have a warrant or other court order relating to the detention of the Vehicle nor the conditions placed on the release of the Vehicle.

27. Piscataway did not hold any hearing relating to the detention of the Vehicle nor the conditions placed on the release of the Vehicle.

28. Santander did not pay the fees demanded by Mike's and did not comply with any other conditions placed on the release of the Vehicle, and Mike's refused to release the Vehicle to Santander.

29. Upon information and belief, Mike's remains in possession of the Vehicle.

30. Piscataway benefited from Mike's's detention of the Vehicle, in that Piscataway obtained Mike's's impound storage services, as well as Mike's's towing services to clear the roadway, with no payment (or reduced payment) of money from Piscataway to Mike's.

31. Mike's only possessed the Vehicle by virtue of its relationship with Piscataway and acted in concert with Piscataway to seize, detain and dispose of the Vehicle. Mike's had no other right to remove the Vehicle from the roadway and hold it against anyone. Mike's, therefore, acted under color of law when it towed, stored and/or disposed of the Vehicle.

32. There is no law which requires Santander to pay Piscataway's towing and storage bill for Mike's alleged services, or to comply with the other conditions placed by Defendants on the release of the Vehicle.

33. To the extent Piscataway or Mike's seek to rely on any New Jersey State law or local ordinance to justify their conduct, Defendants did not comply with those laws. In the alternative, to the extent Piscataway or Mike's show compliance with any State's law, those laws would be unconstitutional *as applied* to the circumstances under which Defendants seek to utilize them, *i.e.* as applied to Defendants' seizure and detention of the Vehicle.

**Piscataway's and Mike's regular policies, customs and/or practices for the detention and disposal of seized vehicles**

34. Piscataway and Mike's conduct in relation to Santander and the Vehicle on and after May 2, 2022, comported with both Piscataway's and Mike's regular policies, customs and/or practices for the handling of Vehicles encountered and impounded under the same or similar circumstances.

35. Piscataway carries out its essential functions through its own police, who, among other things, seize vehicles for a variety of reasons ranging from alleged criminal infractions to parking violations.

36. Piscataway delegates a portion of the performance of these essential functions to Mike's. Specifically, Piscataway police utilize Mike's to tow away, store and dispose of vehicles seized by Piscataway police acting in the course of their duties as law enforcement officers. In essence, Mike's is Piscataway's vehicle impound contractor.

37. Pursuant to this relationship, Piscataway exercises governmental authority to seize vehicles in concert with Mike's.

38. Regardless of the reason for Piscataway's initial seizure of a given vehicle, Piscataway does not return those vehicles to a person with a preexisting property interest when the justification for Piscataway's seizure has passed. Instead, Piscataway places seized vehicles in the possession of its tow operators, including Mike's, for storage and ultimate disposal, permitting Mike's to assert an *ex parte* possessory lien to secure payment of charges relating to the towing, storage, and disposal of the seized vehicles, and to place other conditions on the release of such vehicles.

39. Mike's accepts the seized vehicles from Piscataway as either partial or total payment for the towing and storage services Mike's provides to Piscataway.

40. Rather than receiving monetary compensation from Piscataway for the services Piscataway has contracted Mike's to provide, Mike's instead impresses an *ex parte* possessory lien for towing and storage fees, which it claims supersedes any other persons' rights in these vehicles.

41. After assessing an *ex parte* possessory lien on impounded vehicles, Mike's refuses to return possession of the vehicles to any other person, even those with pre-existing property rights in the vehicles, while claiming additional daily storages charges.

42. To effectuate eventual disposal of an impounded vehicle, Defendants insist persons with preexisting property interests satisfy Mike's *ex parte* possessory lien, and further asserts that if this unilateral condition is not satisfied, Defendants can take title to, and/or sell, the impounded vehicles and eliminate all other persons interest in those vehicles.

43. Piscataway benefits from Mike's assertion of an *ex parte* lien on, and eventual sale of, seized vehicles. Without Mike's conduct, Piscataway would be forced to pay monetary consideration to Mike's for the services Mike's provides Piscataway instead of compensating

7

Mike's with possession and authority to assert a lien on the impounded vehicles. Moreover, upon information and belief, Mike's pays a portion of the proceeds it obtains from others back to Piscataway as part of its agreement(s) with Piscataway.

44.     It is Piscataway's and Mike's regular policy and custom, in the course of the above-described conduct, to not obtain a warrant for any of the following actions (for which no valid exception to the warrant requirement exists):

- A.     Piscataway's initial seizure of a vehicle;

- B.     Piscataway's turnover of possession of a vehicle to Mike's;

- C.     Piscataway and/or Mike's continued detention of a vehicle while Mike's asserts an *ex parte* possessory lien and Defendants place other conditions on the release of such a vehicle; and

- D.     Mike's taking title to, and/or selling, a vehicle while terminating all property interests in a vehicle.

45.     Even if the initial seizure of the vehicles in question were made under a valid exception to the Fourth Amendment's warrant requirement, a (possibly) valid initial warrantless seizure does not justify any action Piscataway or Mike's decide to take thereafter, as referenced in ¶ 44 (B-D), *supra*. Rather, Piscataway and Mike's subsequent actions render the seizures unreasonable in their manner of execution, even if done with an initially valid exception to the warrant requirement.

46.     It is also Piscataway's and Mike's regular policy and custom, in the course of the above-described conduct, to not provide any form of constitutionally adequate notice, nor any hearing whatsoever, in relation to any of the following actions:

- A.     Piscataway's initial seizure of a vehicle;

- B.     Piscataway's turnover of possession of a vehicle to Mike's;

    C.    Piscataway and/or Mike's continued detention of a vehicle while Mike's asserts an ex parte possessory lien and Defendants place other conditions on the release of such a vehicle; and

    D.    Mike's taking title to, and/or selling, a vehicle while terminating all property interests in a vehicle.

47.    Any *notification(s)* transmitted by Piscataway and/or Mike's relating to the conduct referenced in ¶ 46 (A)-(D) does not satisfy the constitutional due process requirement of *notice*, because these communications are merely notifications of Piscataway's and/or Mike's's unilateral demands, and not notice of an opportunity to be heard (which does not occur).

48.    Piscataway does not compensate persons with pre-existing property interests for its use of such seized vehicles, *i.e.* Piscataway's use of seized vehicles to compensate Mike's.

49.    These actions, all taken in accordance with Piscataway's and Mike's's regular policies and customs for seizing and disposing of seized motor vehicles, violate the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

50.    Piscataway and Mike's knew or should have known that their actions violated the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

**COUNT I**
**Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983**
**(Deprivation of Property by Unreasonable Seizure)**
**(as against all Defendants)**

51.    Santander realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

52.    Santander is the holder of a protected property interest in the Vehicle.

53.    Defendants meaningfully interfered with Santander's protected interest in the Vehicle by towing it, detaining it, withholding possession from Santander, demanding payment

and other conditions for release of it, and threatening to ultimately take ownership of it free from Santander's lien.

54. By these actions, Defendants acted under color of law to seize the Vehicle within the meaning of the Fourth Amendment to the United States' Constitution.

55. Defendants' seizure of the Vehicle was unaccompanied by a warrant.

56. Defendants' seizure of the Vehicle was unaccompanied by any legitimate exception to the warrant requirement. Alternatively, to the extent the initial seizure was accompanied by any arguably legitimate exception to the warrant requirement, it was carried out in an unreasonable manner of execution insofar as the seizure exceeded the scope necessary to complete any legitimate task associated with the purported warrant exception for which the vehicle was seized.

57. Defendants' seizure of the Vehicle was unreasonable in violation of the Fourth Amendment to the United States' Constitution.

58. Defendants' unreasonable seizure of the Vehicle was accomplished in accordance with the Defendants' standard policy and/or custom for the handling and disposal of seized vehicles.

59. As a direct and proximate result of Piscataway's and Mike's violation of Santander's Constitutional right to be free from unreasonable seizures, Santander has suffered damages based upon the lost value of the Vehicle, the lost revenue stream from its finance of the Vehicle, and other damages.

60. Santander is, therefore, entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE,** Santander prays for (i) judgment against Defendants Piscataway and Mike's, jointly and severally, for immediate possession of the Vehicle, actual damages,

consequential damages, punitive damages (as to Mike's only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and (ii) a declaration pursuant to 28 U.S.C. § 2201-2202 that, to the extent Defendants' actions comport with their ordinary policies that they intend to continue, those policies violate the constitutional rights of persons subjected to those policies; and (iii) such other and further relief as the Court deems just and proper.

## COUNT II
### Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983
### (Deprivation of Property Without Due Process of Law)
### (as against all Defendants)

61. Santander realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

62. Santander is the holder of a protected property interest in the Vehicle.

63. Piscataway and/or Mike's actions resulted in the deprivation of Santander's protected property interests in the Vehicle.

64. Neither Piscataway nor Mike's had any mechanism for, nor did either secure, review of any of either Defendants' actions in relation to the Vehicle before a judge or other neutral decisionmaker.

65. Neither Piscataway nor Mike's provided Santander for an opportunity to be heard in relation to any of either Defendants' actions in relation to the Vehicle in any venue at any time.

66. Because neither Piscataway nor Mike's provided any mechanism for, nor did either secure, review of any of either Defendants' actions in relation to the Vehicle by a judge or other neutral decisionmaker, neither provided Santander with constitutionally adequate notice of that non-existent hearing procedure.

67. The manner in which Santander became aware of Piscataway and Mike's seizure of the Vehicle, as well as Mike's continued possession of the Vehicle, did not constitute adequate notice for the purposes of due process.

68. Defendants' deprivation of Santander's rights in the Vehicle was therefore accomplished without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

69. Defendants' deprivations of Santander's rights in the Vehicle were accomplished in accordance with the Defendants' standard policy and/or custom for the handling and disposal of seized vehicles.

70. As a direct and proximate result of Piscataway's and Mike's violation of Santander's Constitutional right to be free from deprivations without due process of law, Santander has suffered damages based upon the lost value of the Vehicle, the lost revenue stream from its finance of the Vehicle, and other damages.

71. Santander is, therefore, entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE,** Santander prays for (i) judgment against Defendants Piscataway and Mike's, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to Mike's only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and (ii) a declaration pursuant to 28 U.S.C. § 2201-2202 that, to the extent Defendants' actions comport with their ordinary policies that they intend to continue, those policies violate the constitutional rights of persons subjected to those policies; and (iii) such other and further relief as the Court deems just and proper.

## COUNT III
### Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983
### (Taking of Property Without Just Compensation)
### (as against Piscataway)

72. Santander realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

73. Santander is the holder of a protected property interest in the Vehicle.

74. Piscataway compensated Mike's, in whole or in part, by turning over possession of the Vehicle to Mike's, who lawfully possessed the Vehicle only by virtue of having obtained it from Piscataway.

75. Mike's accepted the Vehicle as compensation, in whole or in part, for the services it provided to Piscataway, namely the towing and storage of the Vehicle that Piscataway had seized.

76. Piscataway destroyed Santander's priority lien in the Vehicle, and its possessory rights pursuant to its contract with its Customer, by turning over the Vehicle to Mike's and permitting it to assert a possessory lien that both Defendants asserted took priority over Santander's lien and prevented Santander from exercising its contractual possessory rights in the Vehicle.

77. Piscataway thereby took Santander's interests in the Vehicle—its right to possession of the Vehicle and its lien priority in the Vehicle—for a public use.

78. Piscataway did not compensate Santander for the taking of its interest in the Vehicle.

79. Piscataway therefore took Santander's property for public use without just compensation in violation of the takings clause of the Fifth Amendment to the United States' Constitution.

80. Piscataway's taking of Santander's rights in the Vehicle was accomplished in accordance with Piscataway's standard policy and/or custom for the handling and disposal of seized vehicles.

81. As a direct and proximate result of Piscataway's violation of Santander's Constitutional right to be free from takings without just compensation, Santander has suffered damages based upon the lost value of the Vehicle, the lost revenue stream from its finance of the Vehicle, and other damages.

82. Santander is, therefore, entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE,** Santander prays for (i) judgment against Defendants Piscataway and Mike's, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to Mike's only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and (ii) a declaration pursuant to 28 U.S.C. § 2201-2202 that, to the extent Defendants' actions comport with their ordinary policies that they intend to continue, those policies violate the constitutional rights of persons subjected to those policies; and (iii) such other and further relief as the Court deems just and proper.

## COUNT VI
### Replevin
### (as against Mike's only)

83. Santander realleges and incorporates herein by reference to the allegations set forth in the prior points herein.

84. Santander holds a valid lien in the Vehicle and is entitled to possession pursuant to its retail installment contract with the Customer.

14

85. Santander has demanded that Mike's surrender the Vehicle to Santander's possession.

86. Mike's has refused, and continues to refuse, to surrender the Vehicle to Santander's possession.

87. Santander is entitled to an order requiring Mike's to immediately turn over possession of the Vehicle to Santander.

**WHEREFORE**, Santander prays for judgment against Defendant Mike's for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages, fees and costs of suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT VII
### Conversion
### (as against Mike's only)

88. Santander incorporates herein by reference the allegations set forth in the above paragraphs, as if fully set forth herein.

89. Santander has a lien in the Vehicle, and in accordance with its rights under its retail installment contract with the Customer, has become entitled to immediate possession of the Vehicle.

90. Mike's has refused, and continues to refuse, to surrender possession of the Vehicle to Santander.

91. By these actions, Mike's has purposefully, knowingly and/or intentionally exercised dominion and control over the Vehicle, wrongfully interfering with Santander's rights to possession of the Vehicle.

92. Santander has suffered, and continues to suffer, damages as a result of Mike's actions.

**WHEREFORE**, Santander prays for judgment against Defendant Mike's for actual damages, consequential damages, punitive damages, fees and costs of suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT VIII
### Tortious Interference
### (as against Mike's only)

93. Santander incorporates herein by reference the allegations set forth in the above paragraphs, as if fully set forth herein.

94. Mike's wrongful actions as set forth above constitute a knowing and intentional tortious interference with Santander's contractual relations and/or prospective economic advantage with respect to the Vehicle.

95. Santander has suffered, and continues to suffer, damages as a result of Mike's actions.

**WHEREFORE**, Santander prays for judgment against Defendant Mike's for actual damages, consequential damages, punitive damages, fees and costs of suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: July 22, 2024

                                                  **NORRIS, McLAUGHLIN, PA**
                                                  Attorneys for Plaintiff

                                                  By: _/s/ Nicholas Duston_
                                                        Nicholas A. Duston
                                                         400 Crossing Blvd. 8th Fl.
                                                         Bridgewater, NJ 08807
                                                         naduston@norris-law.com
                                                         (908)-722-0700